UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

CERTAIN UNDERWRITERS AT
LLOYD'S, LONDON,

    Plaintiff,

v.                                              NO:

LINDEN AVENUE PROPERTIES;
INSOUTH BANK; MERCHANTS AND
FARMERS BANK; and CADENCE BANK, N.A.,

    Defendants.

**COMPLAINT FOR DECLARATORY JUDGMENT**

Comes Certain Underwriters at Lloyds, London ("Underwriters") pursuant to 28 U.S.C. § 2201 *et seq.* and pursuant to Rule 57 of the Federal Rules of Civil Procedure, and sues the Defendant, Linden Avenue Properties for Declaratory Judgment, and for cause of action avers as follows:

1.     Certain Underwriters at Lloyds London is a syndicate of underwriters with its principal place of business in London, England.

2.     Upon information and belief, Linden Avenue Properties is a general partnership doing business in Shelby County, Tennessee, and with its principal place of business in Shelby County, Tennessee. Linden Avenue Properties owns property in

Shelby County, Tennessee, and it may be served by service upon Curtis Wegener ("Wegener") at 6211 Shelby Oaks Drive, Suite 103, Memphis, Tennessee 38134.

3. InSouth Bank is a Tennessee corporation with its principal place of business in Brownsville, Haywood County, Tennessee. InSouth Bank does business in Memphis, Shelby County, Tennessee, and it may be served by service upon its registered agent for service of process, BMN Corporate Services, Inc., at 511 Union Street, Suite 1600, Nashville, Tennessee 37219.

4. Merchants and Farmers Bank is a Mississippi corporation with its principal place of business in Kosciusko, Mississippi. Merchants and Farmers Bank does business in Memphis, Shelby County, Tennessee, and it may be served by service upon its registered agent for service of process, Larry Allen at 2650 Thousand Oaks Boulevard, Suite 2370, Memphis, Tennessee 38118.

5. Cadence Bank N.A. is a Mississippi corporation with its principal place of business in Starkville, Mississippi. Cadence Bank N.A. does business in Memphis, Shelby County, Tennessee, and it has a branch located at 119 South Court Avenue, Suite 100, Memphis, Tennessee 38103. It may be served by service upon its registered agent for service of process, Corporation Service Company at 2908 Poston Avenue, Nashville, Tennessee 37203.

6. Subject matter jurisdiction in this case is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), as there is complete diversity of citizenship between

the Plaintiff and all defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Upon information and belief Linden Avenue Properties is a general partnership with the partners being 200 Linden Avenue, LLC and HM 310, LLC. At times pertinent, Curtis Wegener was the majority owner of Linden Avenue, LLC and was the manager for the general partnership, Linden Avenue Properties.

7. Upon information and belief, at times pertinent, Linden Avenue Properties had a land lease with the City of Memphis for property located at 200 Linden Avenue, Memphis, Shelby County, Tennessee (the "Property").

8. Effective July 24, 2007, and expiring July 24, 2008, Underwriters issued Policy Number BUA2318 naming 200 Linden Ave. Properties as the named insured. InSouth Bank and Merchants and Farmers Bank were named as mortgage holders on this policy. Underwriters incorporate herein by reference all the terms and conditions of this policy.

9. Effective July 24, 2008, and expiring July 24, 2009, Underwriters issued Policy Number BUA2788 naming 200 Linden Ave. Properties as the named insured. Merchants and Farmers Bank and Cadence Bank were named as the mortgage holders on this policy. Underwriters incorporate herein by reference all the terms and conditions of this policy.

10. On July 25, 2008, Linden Avenue Properties gave notice of a loss which was stated to have occurred on July 24, 2008. The property loss notice stated that the

property had been "gutted and stripped of all copper wiring." Upon information and belief, Linden Avenue Properties is making a claim for an amount in excess of $700,000.

11. The policies provide in pertinent part as follows:

**6.  Vacancy**

    **(2)** Buildings under construction or renovation are not considered vacant.

        **b.  Vacancy Provisions**

        If the building where loss or damage occurs has been vacant for more than 60 consecutive days before that loss or damage occurs:

            **(1)** We will not pay for any loss or damage caused by any of the following even if they are Covered Causes of Loss:

                **(a)** Vandalism;
                **(e)** Theft; or
                **(f)** Attempted theft.

        \* \* \*

**(2)** Buildings under construction or renovation are not considered vacant.

    \* \* \*

12. The policies provide in pertinent part as follows:

**3.  Duties In The Event Of Loss Or Damage**

    **a.** You must see that the following are done in the event of loss or damage to Covered Property:

        **(6)** As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

4

>  (8) Cooperate with us in the investigation or settlement of the claim.
>
> **b.** We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

13. On October 16, 2008, Allan B. Thorp, counsel for Underwriters (herein "Underwriters' counsel"), wrote Linden Avenue Properties a letter scheduling the examination under oath of the representative of Linden Avenue Properties. The letter asked that Linden Avenue Properties produce certain records and/or documents. Attached hereto as Exhibit 1 is a copy of the letter of October 16, 2008 from Underwriters' counsel to Linden Avenue Properties.

14. On or about November 13, 2008, Underwriters' counsel took Wegener's examination under oath. During his examination under oath, Wegener testified that the tenant at the Property never occupied the Property but began renovating the Property in the fall of 2007. Wegener testified that to the best of his knowledge, there was continuous construction at the Property from the fall of 2007 through May 25, 2008. Wegener testified that Flintco Construction was the contractor for the construction or renovation. Wegener testified that during May 2008, he was at the Property, and Flintco was actively working on the building.

15. During the examination, Wegener testified about documents which Linden Avenue Properties had or could obtain. Certain documents were requested and Linden Avenue Properties agreed to provide the documents during the examination under oath.

16. On November 21, 2008, Underwriters' counsel e-mailed Wegener a reminder to produce the documents identified in the examination under oath. This e-mail also stated that Wegener should soon be receiving the examination under oath. Attached hereto as Exhibit 2 is a copy of the e-mail of November 21, 2008 from Underwriters' counsel to Wegener.

17. On November 24, 2008, Wegener e-mailed Underwriters' counsel requesting a list of the documents to produce. Attached hereto as Exhibit 3 is a copy of Wegener's e-mail of November 24, 2008 to Underwriters' counsel.

18. On November 24, 2008, Underwriters' counsel e-mailed Wegener advising that the examination under oath had a list of what was requested. This e-mail also asked Wegener to advise Underwriters' counsel if Wegener did not have the examination under oath or if Wegener has any questions. Attached hereto as Exhibit 4 is a copy of the e-mail of November 24, 2008 from Underwriters' counsel to Wegener.

18. Also on November 24, 2008, Underwriters' counsel separately e-mailed Wegener requesting a copy of the Partnership Agreement about which Wegener testified in the examination under oath, but which had not been specifically requested for production during the examination under oath. Attached hereto as Exhibit 5 is a copy of this e-mail of November 24, 2008.

6

19. On November 26, 2008, Underwriters' counsel sent Wegener an e-mail which included a list of documents requested, and cited page numbers in the examination under oath where Wegener testified about the documents. Attached hereto as Exhibit 6 is a copy of the November 26, 2008 e-mail from Underwriters' counsel to Wegener.

20. On December 1, 2008, Wegener e-mailed Amy Moore with a copy to Underwriters' counsel. This e-mailed stated: "Take a look at this list and see what we have that is easy available." Underwriters do not know the position or relationship of Amy Moore to Linden Avenue Properties. Attached hereto as Exhibit 7 is a copy of the December 1, 2008 e-mail from Wegener to Amy Moore.

21. Linden Avenue Properties did not then produce any of the documents requested pursuant to the examination under oath or pursuant to the above identified e-mails. Therefore, on January 7, 2009, Underwriters' counsel e-mailed and sent a letter to Wegener reminding Linden Avenue Properties to produce the requested documents. Wegener did not respond to the January 7, 2009 e-mail from Underwriters' counsel to Wegener. Attached hereto as Exhibit 8 is a copy of Underwriters' counsel e-mail and letter to Wegener of January 7, 2009.

22. Linden Avenue Properties retained counsel, and about March 25, 2009, counsel for Linden Avenue Properties, Kannon Conway (herein Kannon Conway and John Ryder are referred to as "Insured's counsel"), contacted Underwriters' counsel by telephone. Insured's counsel inquired about the status of the claim. Underwriters'

counsel advised Insured's Counsel that Underwriters were awaiting documents which had been requested.

23.     By e-mail of March 25, 2009, Underwriters' counsel e-mailed Insured's counsel copies of e-mails from Underwriters' counsel to Wegener requesting documents. Attached hereto as Exhibit 9 is a copy of the March 25, 2009 e-mail from Underwriters' counsel to Insured's counsel.

24.     By letter of April 7, 2009 from Insured's counsel to Underwriters' counsel, Linden Avenue Properties produced some documents. Attached hereto as Exhibit 10 is a copy of the April 7, 2009 letter from Insured's counsel to Underwriters' counsel.

25.     Linden Avenue Properties, however, did not produce all of the requested documents about which Wegener testified he may have had or could produce. For example, but not by limitation, Wegener did not produce a copy of his contract with the alarm company; numerous photographs of the building; and damage bids and estimates from White Plumbing, Dennis Electric, MCC Mechanical, and J&A Mechanical. (Wegener testified he obtained bids to repair the loss from these companies.) Wegener testified in his examination under oath as follows:

Q.     Do you have a copy of your contract that you had with ADT?

A.     I don't know but if we've got one, it won't be hard to find.

Q.     I will ask that you produce that. Do you have copies of any photographs of what it looked like, I'm going to ask – –

A.     You got a – – is a CD all right?

8

Q. CD is fine.

A. I will produce all he pictures that I have in my possession.

Q. Okay. Do you have any photographs of what it looked like before this happened?

A. I've got a folder that's got 200 Linden Avenue pictures in it.

Q. Okay.

A. I take a lot of pictures, and I don't know how many I've taken or not taken from that. But if I've got them, they're in one spot, and we can burn them to a CD and get them to you.

Q. All right. Will it have the date on them?

A. Some might, who knows?

Q. All right. If you can do the photographs then. I would like any documents you may have pertaining to the claim. I know I've gone a lot but it − −

A. I've got White, Dennis and MCC. [White Plumbing; Dennis Electric; and MCC Mechanical]

(Wegener EUO, pp. 88, 89)


26. By e-mail of May 1, 2009, Underwriters' counsel wrote Insured's counsel setting out requested documents to which Wegener testified he may have had or could produce but which had not been produced. In the May 1, 2009 e-mail, Underwriters' counsel also requested that Linden Avenue Properties produce certain additional pertinent

9

documents pertinent to coverage questions and to the loss. Attached hereto as Exhibit 11 is a copy of the May 1, 2009 e-mail from Underwriters' counsel to Insured' counsel.

27. By telephone message of May 12, 2009, Insured's counsel advised Underwriters' counsel that there were no other documents.

28. By e-mail and letter of May 14, 2009 to Insured's counsel, Underwriters' counsel pointed out Wegener's testimony concerning photographs and asked that Insured's counsel recheck with Wegener about producing the photographs. Attached hereto as Exhibit 12 is a copy of the e-mail and letter of May 14, 2009 from Underwriters' counsel to Insured's counsel.

29. By letter of June 12, 2009, John Ryder ("Insured's counsel") advised Underwriters' counsel that Wegener has produced everything in his possession relating to 200 Linden Avenue. Attached hereto as Exhibit 13 is a copy of the June 12, 2009 letter from Insured's counsel to Underwriters' counsel.

30. Based upon communication between the parties, Underwriters are uncertain if Wegener diligently searched for the requested documents and does not have them or could not obtain them; or if Wegener has determined what he believes is relevant, and he is producing all the documents Wegener believes is relevant. If it is the latter, Underwriters allege that Linden Avenue Properties does not have the right under the Policy to provide only these documents Linden Avenue Properties determines to be relevant.

31. On November 19, 2008, Holley Allen, the court reporter for the examination under oath, mailed Wegener the original examination under oath together with a letter dated November 19, 2008. (see Exhibit 14) By e-mail of November 21, 2008, Underwriters' counsel advised Wegener that he should soon have the examination if he does not already have it. (see Exhibit 2) By e-mail of November 24, 2008, Underwriters' counsel asked Wegener to let him counsel know if Wegener did not have the examination, or if Wegener had any questions. (see Exhibit 4) Wegener did not advise Underwriters' counsel that Wegener did not receive the examination; and Wegener did not ask Underwriters' counsel any questions he may have had. Wegener has not returned the original transcript along with the original notarized errata sheet as requested in the court reporter's letter of November 19, 2008 (see Exhibit 14).

32. Underwriters retained the adjusting firm of Central Adjustment Company, Inc. to assist in adjusting the loss and in obtaining information concerning the loss. In his examination under oath, Wegener testified that Flintco was doing the construction work during the pertinent time period. Brent David ("David"), an adjuster employed by Central Adjustment Company, Inc., spoke with John Voyes, vice president of Flintco Construction. Voyes told David that Flintco had been hired by the tenant at the property, as the tenant had money to pay for the work. However, Voyes also told David that Flinto ceased all work at the property in June 2007 and pulled completely off the job site due to non-payment, and Flinto did not return since June 2007. David obtained some of Flintco's time sheets which support this information from Mr. Voyes.

33. Linden Avenue Properties has provided Underwriters with an affidavit of John Daniel Moeschle ("Moeschle"). In the Affidavit, Moeschle stated he was a project manager for Flinto Construction and CGI Entertainment, Inc. (the tenant), and Flintco had a contract in place to renovate the property. However, Moeschle's affidavit did not state whether there was any construction or renovation at the property within sixty days prior to the date of the alleged loss. Attached hereto as Exhibit 15 is a copy of the Affidavit of John Daniel Moeschle.

34. Underwriters have conflicting information about whether the property was under construction or renovation within sixty days of the alleged loss. Some of those who should have knowledge and information cannot be compelled to testify under oath to Underwriters' questions and cannot be compelled to produce documents without being subpoenaed to do so. Underwriters believe it can be determined with more certainty whether or not the property was under construction or renovation within sixty days of the alleged loss if those who have knowledge and information can be compelled to answer Underwriters' questions under oath and can be compelled to produce pertinent documents.

35. Therefore, Underwriters decided to file a complaint for declaratory judgment asking this Honorable Court to determine whether the building was under construction or renovation within sixty days of the alleged loss. By letter of July 14, 2009, Underwriters' counsel wrote Insured's counsel so advising. The July 14, 2009 letter also expressly reserved the right to assert that Linden Avenue Properties had not

complied with policy conditions, and reserved any and all other rights it may have available. Attached hereto as Exhibit 16 is a copy of the July 14, 2009 letter from Underwriters' counsel to Insured's counsel.

36.    Should other issues arise between the parties, Underwriters expressly reserve the right to assert their rights and/or to amend this Complaint.

WHEREFORE, PREMISES CONSIDERED, Certain Underwriters at Lloyds, London prays that the Court:

1.    Declare whether the Property was under construction or renovation within sixty days of the date of the alleged loss as set out in the language of the policy(ies).

2.    Determine whether Linden Avenue Properties complied with the conditions of the policy(ies).

3.    For any and all other relief to which Certain Underwriters at Lloyds, London, may be entitled.

Respectfully Submitted,

BRATTON, O'NEAL & THORP, P.C.


By /s/ Allan B. Thorp
    Allan B. Thorp (008129)


By /s/ Gregory W. O'Neal
    Gregory W. O'Neal (15860)

    Attorneys for Certain Underwriters at
    Lloyds, London

Bratton, O'Neal & Thorp, P.C.
675 Oakleaf Office Lane, Suite 200
Memphis, Tennessee 38117
(901) 684-6100
(901) 684-6106 (fax)

F:\Data\200 Linden Avenue Properties\Complaint for Declaratory Judgment.doc

14